IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROSETTA GIDDENS**                                                                                         **PLAINTIFF**

V.                                        **CASE NO. 5:14:CV00028 JM**

**ARKANSAS DEPARTMENT OF**
**FINANCE AND ADMINISTRATION, ET.AL.**                                **DEFENDANTS**

### PARTIES' JOINT STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY

The Parties to this action have stipulated, through their respective undersigned counsel, to the entry of this Parties' Joint Stipulation and Protective Order Regarding Confidentiality ("Protective Order").

1.

During the course of the litigation of this matter, Plaintiff and Defendants may identify and agree to produce certain documents containing confidential and personal information pertaining to the parties as well as to individuals who are not parties to this action. The purpose of this Protective Order is to ensure that the said documents are restricted to persons involved with the litigation of this matter. Specifically, Plaintiff may identify and agree to produce, her own medical and financial records. Defendants may identify and agree to produce personnel records of third parties. Accordingly, the documents and information identified in this Paragraph are subject to the provisions of this Protective Order.

2.

Moreover, during the course of discovery, the Parties may request additional personal, confidential, or proprietary documentation from each other or from third parties. If

any documents which will be produced contain personal, confidential, or proprietary information, the producing Party (including any third party producing such documents) may mark the documents "CONFIDENTIAL." Any document so marked shall not be disclosed to any person except as may be permitted by this Protective Order. The designation of any document as "CONFIDENTIAL" shall be made in good faith, and the Parties shall have ten (10) days after service of documents marked "CONFIDENTIAL" to challenge such designation by filing a motion with the Court.

In the event that personal, confidential or proprietary information is disclosed in response to an interrogatory, the answering party may designate the response as confidential information by conspicuously stamping the interrogatory answer with the word "CONFIDENTIAL." Parties to this action may also designate deposition testimony that reveals personal, confidential or proprietary information as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Protective Order.

The parties will redact confidential information from any documents produced in the course of this litigation pursuant to the Rule 5.2 of the Fed. R. Civ. P. However, they reserve the right to file a motion to produce with the Court should such confidential information become relevant to the litigation of this matter.

3.

The use of any documents or information therein subject to this Protective Order shall be restricted to the following persons:

    (a)    The Parties to this litigation;

    (b)    Counsel for the Parties, including their respective paralegals and clerical employees;

    (c)    Witnesses or prospective witnesses, including but not limited to persons requested by counsel to furnish technical or other expert service, to give testimony or to otherwise prepare for any deposition, hearing, trial, or any other proceeding in this action, provided such witness or prospective witness agrees to be expressly bound by the terms of this Protective Order and not disclose the documents or information therein to any party or person outside this litigation; and

    (d)    The Court and its personnel, including the stenographic reporters not regularly employed by the Court who are engaged by the Parties or the Court during the litigation of this case.

4.

Upon final termination of this action, whether via completion of the litigation process, trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Order shall return to the producing Party, upon request, all documents and information subject to this Protective Order, including any and all copies, prints, negatives, or summaries, in the possession of employees, experts, or consultants employed or retained by counsel for the Parties, except those items compromising any appellate record, hearing record, deposition, trial court record, privileged communications, or attorney work product.

5.

Whenever any document containing confidential information is entered into the record, such document shall be redacted pursuant to Rule 5.2 of the Fed. R. Civ. P. Such documents shall be filed under seal only when redaction is not practicable. Such document shall not be filed under seal when used as evidence at trial.

6.

No Party shall seek sanctions based on an application to the Court for an interpretation of confidentiality pursuant to this Protective Order. Each Party shall bear its own attorney's fees related to any such application.

IT IS SO ORDERED THIS **13** DAY OF **AUGUST**, 2014.

_____
Honorable James M. Moody, Jr.
United States District Court Judge

Stipulated to:

**SANDRA Y. HARRIS, ATTORNEY AT LAW, PLLC**
PO Box 1052
Pine Bluff, AR  71613
870-536-2600
sharrislawfirm@cablelynx.com
by: /s/ Sandra Y. Harris
    Sandra Y. Harris
    AR Bar No. 92207
    *Counsel for Plaintiff*

**DUSTIN MCDANIEL,
ATTORNEY GENERAL
323 CENTER STREET, SUITE 1100**
LITTLE ROCK, AR  72201-2610
Telephone: (501) 682-1307
Facsimile: (501) 682-2591
Katina.hodge@arkansasag.gov
By: /s/ Ka Tina "Kat" R. Hodge
    Ka Tina "Kat" R. Hodge
    Assistant Attorney General
    AR Bar No. 2003-100
    *Counsel for Defendants*